OPINION
BARRY, Circuit Judge.
Angel Santos (“Santos”) was convicted on two counts of heroin distribution and one count of possession with intent to distribute heroin, and sentenced to 240 months’ imprisonment. He appeals his conviction and sentence on a variety of grounds. We will affirm.
I.
Because we write solely for the parties, we presume familiarity with the facts and *777 will recite only the basic underpinnings of this case.
On three occasions in October and November 2006, Santos sold heroin to an undercover police officer- — first, 96 milligrams, then 18 grams, and finally 40 grams. On the third occasion, he was arrested. On the day of the arrest, the police obtained a search warrant for his residence and found 67 additional grams of heroin.
From the outset of the federal proceedings against him, Santos raised a series of meritless challenges to the jurisdiction of the federal court. He also had been assigned a series of attorneys, and then decided that he would like to waive counsel and represent himself, albeit with stand-by counsel in the wings. Accordingly, the United States Magistrate Judge before whom Santos was appearing at the time conducted a Faretta colloquy to ensure that his waiver of counsel was knowing, voluntary, and intelligent. After asking Santos a series of questions that probed into what he wanted and what he knew with respect to self-representation, the Magistrate Judge concluded that Santos’s waiver of counsel was knowing, voluntary, and intelligent. Before the start of trial, the District Court conducted another Far-etta colloquy, and also concluded that Santos’s waiver was valid. Following trial, Santos was convicted on all counts, and sentenced to 240 months’ imprisonment.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
II.
On appeal, Santos argues, among other things, that his waiver of the right to counsel was not knowing, voluntary, and intelligent, and that his sentence was procedurally unreasonable.[1]
A.
Before a criminal defendant can be permitted to proceed pro se, a court must make certain that he is knowingly, voluntarily, and intelligently waiving his Sixth Amendment right to counsel. See, e.g., Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Because of the singular import of the right to counsel, we have instructed that “[cjourts must indulge every reasonable presumption against a waiver of counsel.” Buhl v. Cooksey, 233 F.3d 783, 790 (3d Cir.2000). Accordingly, such a waiver “ought not [be] accept[ed] ... absent a penetrating and comprehensive examination of all the circumstances.” United States v. Stubbs, 281 F.3d 109, 118-19 (3d Cir.2002) (internal citations and quotations omitted). It is clear that “the defendant [must] be informed of all risks and consequences associated with his decision for self-representation.” United States v. Peppers, 302 F.3d 120, 135 (3d Cir.2002) (emphasis in original). “Our review of whether a defendant’s waiver of counsel was knowing and intelligent is plenary as it involves only legal issues.” Stubbs, 281 F.3d at 113 n. 2.
In Peppers, we set forth a series of questions, some with subparts, that provides a “useful framework for the court to assure itself that a defendant’s decision to proceed pro se is knowing and voluntary.” 302 F.3d at 136. In United States v. Jones, we observed that “[although no scripted recital is required for this inquiry, we do require that all of the subjects covered in the model questions set forth in *778 Peppers be fully explored in the inquiry, to the extent those subjects are relevant.” 452 F.3d 223, 234 (3d Cir.2006).
Each and every Peppers/Jones subject was covered almost word for word in the colloquy conducted by the Magistrate Judge at the time Santos elected to proceed pro se; indeed, at oral argument before us his counsel described that colloquy as “perfect.” The District Court conducted yet another colloquy on the day trial was to commence after confirming that Santos wanted to proceed pro se, a colloquy in which the Court went into all but two of the Peppers subjects and went beyond Peppers when it questioned Santos about the Sentencing Guidelines. Santos has not explained why, in his view, the District Court was obligated to conduct an additional complete colloquy when it had already been determined that his waiver of the right to counsel was knowing, voluntary, and intelligent.[2] Moreover, Santos never wavered in his desire to represent himself at any point prior to or during sentencing, nor was there any change in circumstances between the end of his trial in January, 2008 and his sentencing hearing in July, 2008. Absent a revocation of his waiver or some other change in circumstances before sentencing, the District Court had no reason, let alone an obligation, to revisit the waiver question and conduct another Faretta colloquy. Cf United States v. Modena, 302 F.3d 626, 630-31 (6th Cir.2002).
The record reflects the sort of full and penetrating examination that we require pursuant to Peppers and Jones.[3] Santos made the decision to waive counsel; we need not revisit that decision simply because he is displeased with the jury’s verdict.
B.
Santos also contends that the District Court erred in not sufficiently discussing the 18 U.S.C. § 3553(a) factors before imposing sentence.[4] There is no merit to this contention. In light of the arguments raised, the facts presented in the presen-tence report, and the circumstances surrounding Santos and the crimes of which he was convicted, the Court’s discussion of the § 3553(a) factors, albeit brief, was entirely adequate. There is also no merit to the contention that Santos should not have been sentenced because he represented himself at the trial. (See Appellant’s Br. 29.) This argument is simply a different version of the Faretta claim rejected above.
III.
For the foregoing reasons, we will affirm the judgment of conviction and sentence.

. Santos also raises the following arguments, which we have reviewed and dismiss summarily as devoid of merit: (1) the District Court made an improper drug quantity calculation at sentencing; (2) the Court erroneously concluded that he was a career offender; and (3) the Court wrongly denied his motion to suppress.

. Indeed, Santos recognized that there had already been just such a colloquy. (See JA 113 (“Mr. Santos: Your Honor, I believe I did my colloquy back in October 19th."); id. at 115a ("Mr. Santos: Your Honor, I believe I’ve already taken my colloquy back on October 9th. I don’t know if another one is needed by law.”).)

. Santos's appellate counsel expends much time and energy pointing out Santos's deficiencies in representing himself at trial. But the issue here is not whether, after the fact, Santos turned out to be a good representative for himself. To the contrary, the issue is whether he validly waived the right to counsel. Accordingly, we will not discuss Santos's trial strategy or any deficiencies in his performance.

.Santos erroneously characterizes this alleged error as a problem of substantive reasonableness rather than procedural reasonableness: "Assuming, arguendo, that there was no procedural error [in sentencing a defendant who should not have represented himself], the sentence was not substantively reasonable because the court failed to follow the required sentencing analysis.” (Appellant’s Br. 29.)